United States District Court
Southern District of Texas
**ENTERED**
May 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff/Respondent, | §<br>§<br>§ | |
| v. | §<br>§ | CRIMINAL NO. 2:17-774<br>CIVIL NO. 2:20-3 |
| ISAAC DWAYNE CALDWELL,<br>   Defendant/Movant. | §<br>§ | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Isaac Dwayne Caldwell filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 38. Pending before the Court is the United States of America's (the "Government") Motion for Judgment on the Record (D.E. 44), to which Movant has not responded.

**I. BACKGROUND**

In October 2017, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) learned that Movant was seeking a source to supply him with cocaine. An undercover ATF agent posed as a seller and contacted Movant to discuss a possible sale. The agent learned that Movant planned to distribute the cocaine to other people. Movant told the agent that "the people with the money were located in Atlanta, Georgia," but he had several firearms he could give the agent as a down payment for the drugs. The agent agreed to this arrangement, and the two met in a movie theater parking lot, where Movant gave the agent a rifle and over one thousand rounds of ammunition before driving away. There were no drugs at the scene of the encounter. Afterwards, the agent continued to communicate with Movant regarding the sale, but no cocaine was ever exchanged.

Movant was eventually charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He pled guilty without a plea

agreement. The Presentence Investigation Report (PSR, D.E. 20) assigned Movant a base offense level of 20. Four levels were added under U.S.S.G. § 2K2.1(b)(6)(B) because Movant possessed the firearm in connection with another felony offense, to wit, the attempted purchase of cocaine. After a three-level adjustment for acceptance of responsibility, the resulting advisory Guideline range for Level 21, Criminal History Category VI, was 77–96 months' imprisonment. Movant filed written objections to the enhancement under § 2K2.1(b)(6)(B), arguing that it only applies to a drug trafficking offense when the weapon is within the vicinity of the drugs being trafficked. After hearing argument from defense counsel and the Government at sentencing, the Court overruled the objection and adopted the PSR without change. Movant was ultimately sentenced to 77 months' imprisonment, to be followed by 3 years' supervised release.

Movant appealed the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), arguing that the evidence presented at sentencing failed to establish that the firearm was used "in connection with" a drug trafficking offense. He emphasized that no drug transaction was completed and that the Government presented no evidence of drugs or drug paraphernalia. In response, the Government explained that, although the firearm was not in close proximity to drugs, it still "facilitated, or had the potential to facilitate" Movant's attempted purchase of the cocaine by serving as payment. In affirming the Court's application of the enhancement under U.S.S.G. § 2K2.1(b)(6)(B), the Fifth Circuit held:

> Caldwell gave the ATF agent a gun as a down payment for drugs. Thus, "the firearm . . . facilitated, or had the potential of facilitating, another felony offense or another offense, respectively," namely, attempted drug trafficking. U.S.S.G. § 2K2.1 cmt. n. 14(A). The district court did not clearly err in finding that the gun facilitated Caldwell's attempted trafficking offense.

*United States v. Caldwell*, 770 F. App'x 175, 177 (5th Cir. 2019).

The Fifth Circuit's mandate issued on May 30, 2019. Movant did not file a petition for a writ of certiorari with the United States Supreme Court. He filed the present motion on December 23, 2019. It is timely.

**II. MOVANT'S ALLEGATIONS**

Movant's § 2255 motion raises the same claim he raised at sentencing and on appeal: The four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) was misapplied "because there was no drugs. There was clear error because [the] gun alone cannot be tied to a drug trafficking offense, when there is no drugs." D.E. 38, p. 2.

**III. 28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**IV. ANALYSIS**

Movant alleges that the Court misapplied the Sentencing Guidelines in enhancing his sentence under U.S.S.G. § 2K2.1(b)(6)(B). "Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.")). Moreover, because this claim was previously raised and denied on direct

appeal, Movant may not relitigate it now in a § 2255 motion. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Accordingly, this claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329. Accordingly, Movant is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion for Judgment on the Record (D.E. 44) is **GRANTED**, Movant's § 2255 motion (D.E. 38) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 4th day of May, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE